USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/06/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

RAYMOND BRYANT,
                       Defendant.

No. 19 Cr. 80-01 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

On November 20, 2020, Defendant Raymond Bryant ("Defendant") pled guilty to one count of narcotics conspiracy. (Minute Entry dated November 20, 2020.) On June 8, 2021, the Court sentenced Defendant to ninety (90) months' imprisonment, to be followed by four (4) years of supervised release. (ECF No. 117.) The Court also recommended Defendant receive proper medical care addressing Defendant's sleep apnea. (*Id.*) On July 27, 2021, Defendant filed a notice of appeal of his terms of imprisonment and supervised release (ECF No. 118), which the U.S. Court of Appeals for the Second Circuit dismissed upon the Government's motion to dismiss (Dkt. No. 154.) On November 3, 2021 and July 25, 2022, Defendant moved for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A), asserting he is at high risk of infection from the coronavirus disease 2019 ("COVID-19") due to his chronic obstructive pulmonary disease ("COPD") and asthma. (ECF Nos. 119, 126.) The Court did not issue an order and the Government did not file opposition papers or otherwise respond. On November 29, 2022, Defendant again filed a motion for (1) immediate compassionate relief, (2) reduction of the sentence to time served, and (3) commencement of the period of supervised release with a condition of home detention, again asserting he faces serious health issues from COVID-19 due to severe respiratory issues, including asthma. (ECF No. 147.) On December 12, 2022, the Government filed a response in opposition to Defendant's motion. (ECF No. 150.)

Defendant's projected release date is October 24, 2024. He is currently incarcerated at Allenwood Medium FCI ("Allenwood Medium"), where there are currently zero inmates and staff positive with COVID-19. *See* https://www.bop.gov/coronavirus/covid19_statistics.html.

For the following reasons, Defendant's motion for compassionate relief is DENIED.

## LEGAL STANDARD

**I. Compassionate Release** (18 U.S.C. § 3582(c)(1)(A))

18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify or reduce the terms of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A court must find that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). A court must also consider the factors set forth in section 3553(a) to the extent that they are applicable. *Id.* § 3582(c)(1)(A).

"The authority to define 'extraordinary and compelling reasons' has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13, comment n.11." *Zukerman*, 2020 WL 1659880 at *5 (citing *United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4-5 (S.D.N.Y. Jan. 8, 2020)). "Relevant here, the Commission's policy statement and its corresponding commentary . . . state that a court may reduce a sentence for 'extraordinary and compelling reasons,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is

not expected to recover.'" *United States v. Hernandez*, No. 18 Cr. 834-04 (PAE), 2020 WL 1684062, at *2 (S.D.N.Y. Apr. 2, 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)). The defendant must also not be "a danger to the safety of any other person or to the community," and "the reduction must be consistent with [the Commission's] policy statement." *United States v. Ramos*, No. 14 Cr. 484 (LGS), 2020 WL 165812, at *1 (S.D.N.Y. Apr. 7, 2020) (citing U.S.S.G. § 1B1.13(2)-(3)).

The Section 3582(c)(1)(A) analysis requires courts to "consider[] the factors set forth in section 3553(a) to the extent they are applicable." *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." *Ramos*, 2020 WL 1685812 at *2 (quoting 18 U.S.C. § 3553(a)).

## DISCUSION

### I. EXHAUSTION

The Government argues the Court lacks jurisdiction over Defendant's motion because Defendant's appeal of the terms of his imprisonment and supervised release is pending before the Second Circuit. (ECF No. 150 at 3.) On August 4, 2023, the Second Circuit issued an Order

granting the Government's motion to dismiss the appeal. (ECF No. 154.) Accordingly, the appeal is no longer pending, and the Court may exercise jurisdiction. *See United States v. Rivera,* 844 F.2d 916, 921 (2d Cir.1998) (citing *Ostrer v. United States,* 584 F.2d 594, 598 (2d Cir.1978)) ("The effect of the mandate is to bring the proceedings in a case on appeal in our Court to a close and to remove it from the jurisdiction of this Court, returning it to the forum whence it came.")).

## II. EXTRAORDINARY AND COMPELLING REASONS

Defendant seeks immediate compassionate release because he has (1) "severe respiratory issues" that place him at elevated risk of contracting and experiencing complications from COVID-19 and (2) served more than 80% of his sentence. (ECF No. 147 ¶¶ 8, 16.) Medical records indicate Defendant is asthmatic, prediabetic, and overweight, and suffers from sleep apnea and anxiety. (ECF No.150, Exhibit 1.) The CDC lists moderate to severe asthma, overweight, and COPD as risk factors for severe illness from COVID-19. *See* CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 11, 2023; last visited November 2, 2023). Despite agreeing that Defendant has medical conditions, the Government argues Defendant has not shown "extraordinary and compelling reasons" for a sentence reduction because he: (1) refused the vaccine; and (2) his medical conditions are "controlled." (ECF No. 150 at 3.)

Although the Court acknowledges that Defendant's medical conditions increase his risk of severe illness from COVID-19, the Court agrees that Defendant does not meet the standard for "extraordinary and compelling [medical] reasons." As of the date of this Order, there are no staff or inmates positive with COVID-19. *See* https://www.bop.gov/coronavirus/covid19_statistics.html (Updated November 2, 2023; last visited November 2, 2023). Current positive case numbers of COVID-19 at Allenwood Medium

therefore do not support that Defendant faces an extraordinary risk of contracting COVID-19. *See United States v. Rojas*, No. 19-CR-467 (PKC), 2022 WL 14784607, at *3 (S.D.N.Y. Oct. 26, 2022) (finding the defendant was not at a high risk of contracting the virus where seven inmates and zero staff members were positive for COVID-19); *c.f. United States v. Sturdivant*, No. 3:12-CR-74 (SRU), 2020 WL 6875047, at *7 (D. Conn. Nov. 23, 2020) (granting motion for compassionate release where Allenwood Medium had 37 positive cases of COVID-19).

Moreover, the Court is further unpersuaded that Defendant has "extraordinary and compelling reasons" because Defendant refused the COVID-19 vaccine and flu shots. According to Defendant's medical records, at a clinic visit on September 22, 2022, Defendant "refused vaccine/FLU shots," which the provider "begged him to please reconsider." (ECF No. 150, Exhibit 1.) As another court in this District recognized, "given his decision to forego the potentially life-saving vaccine, [Defendant] cannot reasonably claim that his increased risk exposure to COVID-19 warrants a sentence reduction when he has declined to take the one action that—incarcerated or not—would materially reduce the risks to him from COVID-19." *United States v. Butler*, No. 18-CR-834-10 (PAE), 2022 WL 17968627, at *3 (S.D.N.Y. Dec. 27, 2022).

Accordingly, Defendant has failed to show extraordinary and compelling reasons for compassionate release or a reduction of his sentence.

### III.    18 U.S.C. § 3553(a) FACTORS

The Court finds it unnecessary to reweigh the Section 3553(a) factors because Defendant failed to meet the "extraordinary and compelling" standard. *See United States v. Steele*, No. 15 CR 836 (VM), 2022 WL 2437904, at *2 (S.D.N.Y. July 5, 2022), *reconsideration denied*, No. 15 CR 836 (VM), 2022 WL 3020143 (S.D.N.Y. July 29, 2022) (noting, "because [Defendant] [had] not

demonstrated any extraordinary and compelling reason justifying a sentence modification, the Court [found] no need to reweigh the Section 3553(s) factors").

## IV. SENTENCE REDUCTION

Finally, Defendant seeks a reduction in his sentence in light of the Department of Justice's ("DOJ") endorsement of the Eliminating a Quantifiably Unjust Application of the Law Act of 2021 (the "EQUAL Act"), aimed at eliminating the sentencing guideline disparities between cocaine base and powder cocaine. *See* EQUAL Act of 2021, H.R. 1693. In endorsing the EQUAL Act, the DOJ has acknowledged that the sentencing disparity between crack and powder cocaine undermines public trust and reduces confidence in the justice system's ability to deliver fair and equitable outcomes. *See* The Statement of the U.S. Department of Justice Before the Committee on the Judiciary, United States Senate, For a Hearing Entitled: Examining Federal Sentencing For Crack and Power Cocaine, at 2 (June 22, 2021) ("The disparity in federal cocaine sentencing policy has been the most visible symbol of racial unfairness in the federal justice system for almost 35 years, and it is time to eliminate it.") As of the date of this Order, however, Congress has not enacted the EQUAL Act as it is still in consideration before the Senate.

The Court is unpersuaded by Defendant's assertion that he *"may* benefit from a sentence reduction." (ECF No. 147 at 10.) That Defendant "may benefit from a sentence reduction *if, and only if,* the EQUAL Act is enacted" is not an "extraordinary and compelling" circumstance. *United States v. Sims*, No. 19CR857NSR01, 2022 WL 3013111, at *4 (S.D.N.Y. July 29, 2022) (emphasis in original). While "the Government has sought to have judges around the country apply sentencing adjustments consistent with the EQUAL Act," *see United States v. Samas*, No. 3:18-CR-00296 (JAM), 2021 WL 5996815, at *3 (D. Conn. Dec. 7, 2021), the Government did not do so for "one of Defendant's co-defendants," as Defendant claims. *See* (ECF Nos. 147 at 9; ECF No.

112.) The Court most certainly should not do so upon a motion for compassionate release. Any adjustments to Defendant's sentencing pursuant to the not-yet-enacted EQUAL Act should have occurred prior to Defendant's conviction. *See Sims*, 2022 WL 3013111, at *5 (quoting *United States v. Martin*, 974 F.3d 124, 135 (2d Cir. 2020)) ("Only Congress has the power to fix the sentence for a federal crime, and the scope of judicial discretion with respect to a sentence is subject to congressional control.") (internal quotations omitted). Accordingly, the Court will not consider the EQUAL Act in ruling on Defendant's motion for compassionate release or reduction of his sentence.

## CONCLUSION

For the reasons noted above, Defendant's motion for compassionate release is DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 119, 126, and 147.

Dated: November 6, 2023                   SO ORDERED.
       White Plains, New York

                                           NELSON S. ROMÁN
                                          United States District Judge